# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITAITON, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00394-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 9) |

　　　　Plaintiff Steven Ranae Glenn Candler is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff's complaint in this action was filed on March 16, 2023.  (ECF No. 1.)

　　　　On April 28, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

　　　　Plaintiff failed to file an amended complaint or otherwise respond to the April 7, 2023 order.  Therefore, on June 7, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed.  (ECF No. 9.)  Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the action is warranted.

## I.

## SCREENING REQUIREMENT

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On May 12, 2022, Warden L. Lundy and "Doe" Defendants on the Program Status Report (PSP) ordered that Plaintiff and all inmates in the housing unit be placed on the prison yard in full

thick dark prison blues in 100 plus degree summer desert heat with no shade for more than 7 hours. As a result, Plaintiff suffered first degree burns and emotional distress. T. Valdez and H. Moseley condoned and ratified the search policies in grievance responses. Plaintiff submitted a government claim but received no response.

Plaintiff seeks injunctive and declaratory relief, as well as damages.

## III.

## DISCUSSION

### A.    Conditions of Confinement/Exposure to Heat

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment, interpreted as the "unnecessary and wanton infliction of pain" that is "grossly disproportionate to the severity of the crime" and "totally without penological justification." U.S. Const. Amend. VIII; see also Rhodes v. Chapman, 452 U.S 337, 345-46 (1981) (internal citations omitted); Farmer v. Brennan, 511 U.S. 825, 834 (1994). Undeniably the Eighth Amendment does not require comfortable prisons, but it does require humane ones. Farmer, 511 U.S. at 832.

A prisoner pursuing an Eighth Amendment conditions of confinement claim must establish both an "objective component" and a "subjective component." Farmer, 511 U.S. at 834. The objective component relates to the seriousness of the challenged conditions while the subjective component speaks to the state of mind of the officials responsible for the alleged violation. Id.; see also Wilson v. Seiter, 501 U.S. 294, 298 (1991) (rejecting a reading that the Eighth Amendment allows liability on prison officials solely because of the presence of objectively inhumane prison conditions). The objective component requires a prisoner to demonstrate "unquestioned and serious deprivations of basic human needs" or of the "minimal civilized measure of life's necessities." Rhodes, 452 U.S. at 347; accord, Wilson, 501 U.S. at 308. Basic human needs include "food, clothing, shelter, medical care and reasonable safety" as well as "warmth [and] exercise." Helling v. McKinney, 509 U.S. 25, 32 (1993); Wilson, 501 at 304.

Under the subjective prong, a correctional official must have "acted with a sufficiently culpable state of mind" with regard to the condition at issue. Hudson v. McMillian, 503 U.S. 1, 8 (1992). The proper standard in a § 1983 action for a prisoner is "deliberate indifference." Farmer,

511 U.S. at 834; Wilson, 501 U.S. at 303. Negligence is not enough. Wilson, 501 U.S. at 305. Deliberate indifference is equivalent to "subjective recklessness" as it is used in criminal law and requires the correctional official to "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

To be a serious deprivation, the prisoner must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety. Helling, 509 U.S. at 35. Generally, only the most severe deprivations under the objective prong will support an Eighth Amendment violation but the standard "draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society" because "no static 'test' can exist." Rhodes, 452 U.S. at 346 (citations omitted). Consequently, "[m]ore modest deprivations can also form the objective basis of the violation, but only if such deprivations are lengthy or ongoing." Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000).

Plaintiff contends that he and other inmates were placed in the prison yard in 100- degree heat for approximately in their heavy prison blues and as a result he suffered first degree burns and emotional distress.  Exposure to excessive heat may constitute cruel and unusual punishment in violation of the Eighth Amendment.  Johnson, 217 F.3d at 729-30, 732; see also Douglas v. Smelosky, No. 3:10-cv-14640GPC-BGS, 2014 WL 3534702, at *9 (S.D. Cal. July 16, 2014) ("[e]xtreme heat conditions can be sufficiently serious to satisfy the objective requirement of an Eighth Amendment claim"); Hope v. Pelzer, 536 U.S. 730, 738 (2002) ("knowingly subject[ing] inmate to unnecessary exposure to the heat of the sun, to prolonged thirst and taunting, and to a deprivation of bathroom breaks" violated the Eighth Amendment).

With regard to the objective component, as stated by one district court, "[a] first degree burn does not ordinarily constitute an urgent medical condition … [r]ather, first degree burn, unlike more serious second or third degree burns, is one that creates a mild redness in the skin but without blistering or any necrosis of the skin or surrounding tissue." Calhoun v. New York City Dep't of Correction, No. 10 Civ. 182(LAK)(HBP), 2014 WL 144659, at *10 (S.D.N.Y. Jan. 14, 2014)

(citation omitted); see also Johnson v. Havener, 534 F.2d 1232, 1233 (6th Cir. 1976) (nothing physician's assessment that a first degree burn is "one which merely produces a redness of the skin, similar to sunburn").

District courts have found that allegations of a first degree burn were insufficient to satisfy the objective component of a deliberate indifference claim. Cole v. Fischer, No. 08CV512, 2009 WL 3734343, *4 (W.D.N.Y. No. 4, 2009) (finding that resulting back pain from second degree burns did not constitute a sufficiently serious injury); Pressley v. Green, No. 02 Civ. 5261(NRB), 2004 WL 2978279, at *4 (S.D.N.Y. Dec. 21, 2004) (granting summary judgment finding that plaintiff's second degree burns to the chest and blistering did not constitute a sufficiently serious injury); but see, Walker v. Vargas, No. 11 Civ. 9034(ER), 2013 WL 4792765, at *8 (S.D.N.Y. Aug. 26, 2013).

Here, Plaintiff alleges only that he suffered a first degree burn and emotional distress as a result of his exposure to the heat. Plaintiff does not set forth any lasting injury or complications as a result of his sunburn. Nor does Plaintiff allege any other circumstances that the conditions at California Correctional (CCF) were constitutionally unsafe. In addition, Plaintiff has failed to demonstrate that any Defendant knew of a serious threat to Plaintiff's health and ignored it. The simple fact that the Warden and other officials ordered Plaintiff and other inmates into the yard during cell searches does not demonstrate subjective knowledge of a serious risk to Plaintiff's health and safety. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B.   State Law Claims**

Plaintiff seeks to bring a claim for state law negligence under California Government Code section 815.2.

As an initial matter, in order to proceed with a state law claim, Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state laws are not sufficient to state a claim for relief under § 1983. Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable

claim for relief under federal law. See 28 U.S.C. § 1367.  Here, the Court has yet to find a cognizable claim.

Moreover, under section 815.2, "[a] public entity, as the employer, is generally liable for the torts of an employee committed within the scope of employment if the employee is liable." Thomas v. City of Richmond, 9 Cal.4th 1154, 1157 (1995).  Section 815.2 does not, in of itself, create a standalone cause of action. Instead, it is the basis by which a plaintiff can bring a suit for negligence on the part of an employee against the public entity employer.

Here, Plaintiff fails to set for sufficient facts to demonstrate that any Defendant acted with negligence.  Accordingly, even if Plaintiff stated a cognizable federal law claim, his state claim fails.

    **C.**    **CDCR as Defendant**

Claims for damages against the state, its agencies, or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. Kentucky v. Graham, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

For the reasons discussed above, Plaintiff's Eighth Amendment claim against Defendant CDCR is barred by the Eleventh Amendment.

**IV.**

**FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

Here, the Court screened Plaintiff's complaint, and on April 28, 2023, an order issued

providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 8.) Plaintiff did not file an amended complaint or otherwise respond to the Court's April 28, 2023 order. Therefore, on June 7, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 9.) Plaintiff failed to respond to the June 7, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of April 28, 2023 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's April 28, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 8.) In addition, the Court's June 7, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

# V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the April 28, 2023 and June 7, 2023 orders and failure to prosecute this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court order and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 6, 2023**

UNITED STATES MAGISTRATE JUDGE